UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
LINDA ANTONIA BAEZ, :

                  Plaintiff, :

           -against- :

COMMISSIONER OF SOCIAL SECURITY, :

              Defendant. :
--------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

16-CV-822 (GBD) (KNF)

TO THE HONORABLE GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE

      Linda Antonia Baez ("Baez") commenced this action against the Commissioner of Social

Security ("Commissioner"), seeking review of an administrative law judge's ("ALJ") decision,

dated July 14, 2014, finding her ineligible for disability insurance benefits, pursuant to Title II of

the Social Security Act, 42 U.S.C. §§ 401-434, and Supplemental Security Income benefits,

pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. Before the Court is

the Commissioner's unopposed motion "for remand pursuant to the fourth sentence of 42 U.S.C.

§ 405(g)." The Commissioner contends that remand for further proceedings is necessary due to

the ALJ's legal errors, namely: (1) a nurse practitioner ("NP") Esther Aguirre's ("Aguirre") July

2013 report "was the only treating opinion that was discussed by the ALJ," and the ALJ "gave no

weight to that opinion on the questionable or mistaken grounds that NP Aguirre had seen

Plaintiff 'a few times,'" despite the record showing that NP Aguirre had seen Baez frequently

during May, June and July 2013, and the ALJ did not discuss whether Baez's symptoms

"reflected positive clinical findings from a treating and longitudinal source in this mental

impairment case"; (2) the ALJ gave no weight to NP Aguirre's opinion because he found she

1

was not an acceptable source under the regulations; (3) the ALJ failed to acknowledge that four
treating physicians had diagnosed Baez with "panic disorder and/or agoraphobia"; (4) the ALJ
overlooked the treating records of a licensed clinical social worker, Gustavo A. Checa, who
examined Baez eight times from April to July 2013; (5) the ALJ failed to explain how he arrived
at Baez's physical residual functional capacity finding and did not explain adequately how he
arrived at her residual functional capacity determination; and (6) the ALJ did not address
adequately whether Baez's alleged agoraphobia and inability to leave her home or travel alone
were supported by the record. According to the Commissioner, "the Court should not order
reversal and payment of benefits"; rather, "remand is appropriate in order for the ALJ to weigh
the evidence properly and determine plaintiff's ability to work."

"In reviewing a final decision of the Commissioner, a district court must determine
whether the correct legal standards were applied and whether substantial evidence supports the
decision." Butts v. Barnhart, 388 F.3d 377, 384 (2d Cir. 2004). "The court shall have power to
enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or
reversing the decision of the Commissioner of Social Security, with or without remanding the
cause for a rehearing." 42 U.S.C. § 405(g).

Upon review of the record, the Court finds that the ALJ committed legal errors, as
conceded by the Commissioner in her memorandum of law. Accordingly, the Court finds that
reversal with remand for a new hearing and any additional evidence, pursuant to sentence four of
42 U.S.C. § 405(g), is appropriate in the circumstance of this case.

2

## RECOMMENDATION

For the foregoing reasons, I recommend that the defendant's motion, Docket Entry No. 21, be granted, the ALJ's decision be reversed and the matter remanded for further administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g).

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 1310, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
      November 22, 2016

Respectfully submitted,

Copy mailed to:

Linda Antonia Baez

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

3