UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
LINDA ANTONIA BAEZ,

                        Plaintiff,

      -against-

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

16 Civ. 822 (GBD) (KNF)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* Plaintiff Linda Antonia Baez brought this action seeking review of a determination by the Commissioner of Social Security that she is ineligible for disability insurance benefits and supplemental security income under the Social Security Act, 42 U.S.C. § 401 *et seq.* (Compl., ECF No. 2, at 1.) In response, Defendant Commissioner of Social Security ("Commissioner") filed an unopposed motion to remand to the Social Security Administration for further administrative proceedings. (Def's. Mot. Remand, ECF No. 21.)

    Before this Court is Magistrate Judge Kevin Fox's November 22, 2016 Report and Recommendation ("Report," (ECF No. 25)), recommending that Defendant's motion be granted.[1] (Report, at 1.) This Court adopts that recommendation.

    This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or merely perfunctory objections

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

have been made are reviewed for clear error. *See Edwards v. Fischer,* 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham,* No. 14-CV-3515, 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (internal citations omitted).

This Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). This Court may set aside a decision by the Commissioner if it is based upon legal error or is not supported by substantial evidence. *See Hickson v. Astrue,* No. 09-CV-2049, 2011 WL 1099484, at *2 (E.D.N.Y. Mar. 22, 2011).

Magistrate Judge Fox advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report, at 3.) No objection to the Report has been filed. Having found no clear error, this Court adopts the Report in full.

The Report correctly found that the Administrative Law Judge committed legal errors in Plaintiff's earlier administrative proceedings, as conceded by the Commissioner in her memorandum of law. (*See id.,* at 1-2.) Accordingly, this Court agrees that remand to the Social Security Administration is appropriate.

Magistrate Judge Fox's Report and Recommendation is adopted. The Defendant's motion for remand for further administrative proceedings is GRANTED.

The Clerk of Court is directed to close the motion at ECF No. 21.

Dated: New York, New York
      December __, 2016

DEC 19 2016

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge